LEONARD HOLLAND *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 7311)

Submitted September 7, 1932. Decided September 13, 1932.

508

*Froe, Capehart & Miller,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

MAXWELL, JUDGE:

Claimant has been awarded an appeal from a finding of the State Compensation Commissioner denying him compensation in addition to a very limited initial allowance.

The record discloses that claimant sustained an injury to his left eye while employed as a coal loader by the Houston Collieries Company in a mine near Kimball, May 28, 1931. He was breaking slate preparatory to removing it from the floor of his room, and as a result of a blow with a hammer, a particle flew, striking him in the eye. He was examined by the company physician two days later and sent to the Stephens Clinic Hospital at Welch. No foreign substance was found in the eye. Claimant was working alone when injured.

According to the testimony of Dr. Schiefelbein, a specialist, who examined Holland at the Clinic, his eye was inflamed near the cornea; the pupil was small and irregular, reacting slowly to light. The trouble was diagnosed as traumatic iritis. The doctor was of opinion that claimant would be totally disabled for a period of about two weeks.

Dr. C. R. Hughes who examined him soon after the accident stated that he found what he thought was iritis with ulcer. Dr. C. C. Cochran, the company physician, had examined him in November, 1930, about six months prior to the accident, and found his vision normal. He saw claimant only at irregular intervals after the accident. He was of opinion that he should have returned to work June 29, 1931. He did not know whether or not claimant's disability was due to the injury.

The commissioner awarded claimant compensation for temporary total disability August 20, 1931, for a period of three and 2/7 weeks at $10.00 per week. This award expired June 29, 1931.

Dr. Schiefelbein examined claimant in June, 1931, found that the eye showed a marked improvement, discontinued the treatment, and advised claimant to return to work immediately. The doctor stated, however, that there was a slight deviation of the eye outward, "apparently an old condition." He examined claimant again July 31, 1931, and stated that the loss of vision was not due to the injury of May 28th because the extent of degeneration in the macular area was greater than that which would ordinarily develop in the short period of time elapsed from the date of the injury, and because there had been no active recent pathology at any time in the fundus of the eye, his injury having been to the cornea and anterior segment of the eye. The inflammation had subsided by June 12th.

Claimant was examined by Dr. F. P. Weltner, a specialist, at the instance of the commissioner October 6, 1931. Dr. Weltner stated that there was no evidence of injury to either eye but that there was a marked divergence of the left eye and a loss of vision which he could not account for unless it was "a blindness from lack of use." Following another examination, November 20, 1931, Dr. Schiefelbein stated that claimant did not have a "working vision in his left eye," and "I am still of the opinion that the loss of the eye was not from the injury." Dr. C. A. Rogers, at claimant's request, examined him September 18, 1931, and reported imparied vision of the right eye; an external divergence of the left eye due to muscular weakness; the sight of the left eye apparently completely lost.

Three fellow workmen made affidavits that claimant complained to them of an injury to his eye very soon after the accident. Several affidavits were made by residents of Kimball that they knew claimant prior to his alleged injury and that his vision was not then defective.

There is evidence that claimant had been injured five times prior to the date of the injury here complained of, for some

of which he was compensated and some he was not. It does not appear, however, that any of these injuries contributed to his present condition.

Inasmuch as there is no denial of claimant's contention that he had no trouble with his left eye prior to his injury May 28, 1931, and that a serious condition now exists, and inasmuch as physicians who have testified in this matter do not account for the plaintiff's loss of his eye on any basis which satisfactorily indicates that the loss is not attributable to the injury, we are of opinion that the case should be further developed. We therefore remand the case for that purpose.

*Reversed and remanded, with directions.*