C. L. BOWLING *v.* STATE COMPENSATION COMMISSIONER

(No. 7386)

Submitted September 27, 1932.  Decided October 4, 1932.

W. L. *Taylor,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

Claimant received a severe injury at the base of his skull while working for the West Virginia Coal & Coke Company in Logan County January 31, 1928.  Hospitalization followed. Claim for compensation was promptly filed and allowed, he being awarded compensation as under an ''open claim'' for

some time. September 11, 1929, the commissioner made a finding of twenty-five per centum partial permanent disability. February 14, 1930, upon further consideration of the matter, the commissioner increased the rating to fifty per centum under which rating claimant's compensation would have expired December 7, 1931, but in the meantime upon petition of claimant he was paid a lump sum in full settlement of the fifty per centum award.

January 13, 1932, claimant petitioned the commissioner to re-open his claim on the ground that his disability was in fact greater than fifty per centum, and submitted affidavits of physicians in support of his petition. In pursuance of this request a hearing was held by a representative of the commissioner February 23, 1932. Following this hearing the commissioner declined to make further award, because it did not appear ''that there is any injury for which he (claimant) has not been compensated and that said injury has not become aggravated.'' Claimant protested against this finding without avail. Award of this appeal to the petitioner followed.

At the said hearing the testimony of three physicians and two lay witnesses was introduced on behalf of the petitioner. There were no other witnesses. Petitioner insists that he should have a further hearing. He says that he did not offer at said hearing as much evidence as he readily could have offered because it appeared from statement of counsel for the coal company, at said hearing, that the company, not only did not oppose an increase of compensation but, recognizing the progressive seriousness of claimant's disabilities, actually favored an increase, and therefore claimant had no reason to anticipate an adverse ruling from the commissioner on the prima facie showing made by claimant at that time.

The statement of counsel for the coal company, to which reference is above made, was as follows: ''* * * We do not desire to interpose any defense to Mr. Bowling's claim for additional compensation because we feel that he is in all probability entitled to additional compensation because of the nature and extent of his injury.'' Statements of physicians at the hearing and subsequent thereto tend strongly to

support claimant's position that his disability should have a higher rating than fifty per centum. There is no expression of opinion affirmatively to the contrary. In the light of this situation, having in mind the beneficent purposes of the workmen's compensation act, we are of opinion that the petitioner should have further opportunity to present evidence in support of his contention. *Holland* v. *Commissioner,* 112 W. Va. 507, 165 S. E. 675.

We therefore reverse the ruling of the commissioner and remand the case for further development and for such finding by the commissioner as he may deem proper on the record as amplified.

*Reversed and remanded.*