ROBERT HAGER *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7423)

Submitted January 11, 1933. Decided January 17, 1933.

*Chauncey Browning,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

HATCHER, JUDGE:

Robert Hager applied for compensation for an injury which he described as follows: "Growth near base of thumb causing thumb to pull down in palmer surface." The commissioner denied the claim and Hager appealed.

The claimant was a motorman. He quit work because of an attack of acute ileo-colitis on August 27, 1931. A growth was removed, surgically, from the palm of his hand on September 28th. He returned to work on November 7, 1931. He testified that while at work on June 27, 1931, he bruised the palm of his hand near the base of his thumb; that the bruised place remained sore and after four or five weeks he noticed "a growth taking place" in his hand; that his thumb "started drawing something like five or six weeks after June and

drawed along continuously up until it was operated on'', and that it has remained crooked and stiff ever since—not being relieved of that condition by the removal of the callous. The growth was described by the operating surgeon as ''a hard lump'' about the size of the end of the claimant's thumb, and was attributed to continual bruising over a considerable period of time. Hager returned home the same day the callous was removed. His surgeon said, ''In my opinion this operation would not cause any disability except the time lost as a result of the operation''.

Two physicians testified and neither made any reference whatsoever to Hager's thumb. There is no evidence connecting the condition of the thumb with the bruise of June 27th or with the callous in any manner except the testimony that the two affections were coincident. Coincidence alone, is not sufficient ordinarily to support a recovery. ''A single coincidence, however perfect in itself, is seldom or never sufficient as proof.'' Burrill on Circumstantial Evidence, 171. The ruling of the commissioner is correct on the evidence which has been presented. But the coincidence here raises the inference that some causal connection probably existed between the bruised palm and the drawn thumb. So, in order that justice may not be thwarted because of insufficient development of the case, we reverse the ruling and remand the claim to the commissioner, in order that the claimant may show by expert testimony the relation, if any, of the one affection to the other. *Bailey* v. *Commissioner*, 109 W. Va. 324, 154 S. E. 764; *Bowling* v. *Commissioner*, 112 W. Va. 604, 166 S. E. 9; *Holland* v. *Commissioner*, 112 W. Va. 507, 165 S. E. 675.

*Reversed and remanded.*