SARAH GILLAM *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7534)

Submitted April 11, 1933.    Decided April 18, 1933.

(Rehearing denied June 3, 1933)

*Salisbury & Lopinsky,* for appellant.

*Homer A. Holt,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for Compensation Commissioner.

*V. L. Black,* for Charleston Laundry Co.

MAXWELL, PRESIDENT:

Sarah Gillam appeals from an order of the compensation commissioner refusing compensation on account of the death of her husband, John Gillam, on the ground that the disability causing his death was not the result of an injury received in the course of and resulting from his employment.

Gillam was scalded on the left arm, face and right foot November 15, 1929, while in the employ of the Charleston Laundry Company. He later contracted pneumonia and died thereof December 10, 1929. The question for determination is whether pneumonia resulted from the burns.

Dr. Joseph Horsham of Charleston testified that he treated Gillam frequently for bronchial asthma in 1928; that he was called to his home November 17, 1929, where he treated him for skin burns, resulting from scalding; that when he visited Gillam two days later there were "patches" of bronchial pneumonia in both lungs; that the burns healed within seven or eight days; and that he attributed Gillam's death to the burns, "complicated" by bronchial pneumonia. With respect to the bronchial pneumonia which the decedent contracted, the doctor said: "In this case, it was a more or less secondary thing, with the burns, with the local infection. There are always some germs in the deep layer of the skin, and the open-

ing up, when he had a slight infection, caused it.'' Dr. Phillip Preiser of Charleston, in answering hypothetical questions corroborated Dr. Horsham as to the cause of Gillam's death.

J. B. Aiken, general manager of the Charleston Laundry Company, testified that Gillam had been in ill health for two years prior to the accident; that two weeks after his injury he returned to the plant and said that he was able to resume work, but witness refused to permit him to do so because it was evident that he was ill. Two other witnesses for the laundry company testified that Gillam had been suffering from asthma for several years.

Dr. M. S. Duling of Charleston, in response to hypothetical questions, stated that he did not consider such burns dangerous; that a man suffering from bronchial asthma would be more susceptible to pneumonia than one who is normal; that he had never seen a case where pneumonia developed from burns, but in event of such development he thought it should come within a week; that it is not possible for an infection to be carried from a healed wound to the lungs, but this might happen where the wound is not healed; and that he did not think pneumonia would result from burns unless they were exposed. He thinks that in the instant case if pneumonia had developed from burns it would have developed sooner than it did. The hypothetical questions propounded to Dr. Duling seem to ignore the testimony of Dr. Horsham that ''patches'' of bronchial pneumonia were present in the decedent's lungs four days after he was burned.

In our opinion, this case should be more fully developed especially with respect to medical testimony. The testimony of Dr. Horsham, Dr. Preiser and Dr. Duling lacks definiteness. As the record now stands there is no satisfactory basis upon which laymen, such, for example, as the compensation commissioner or the judges of this Court, can satisfactorily base an opinion as to whether the pneumonia which caused the decedent's death did or did not result from burns. The medical assistants of the compensation commissioner should be able to throw further light on this subject. Perhaps the physicians who have testified may be recalled, and others, too, may be examined. It is established procedure in this jurisdiction that a compensation case may be remanded to the com-

missioner for further development. *Holland* v. *Commissioner,* 112 W. Va. 507, 165 S. E. 675; *Trent* v. *Commissioner,* 113 W. Va. 262, 167 S. E. 623.

We reverse the commissioner's ruling denying compensation and remand the case for such further development through medical testimony or other proper evidence as may be deemed advisable.

*Reversed and remanded.*